UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE DARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-203 HEA |
| | ) | |
| ST. LOUIS AIRPORT | ) | |
| AND CITY DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Dominique Darden's complaint. Plaintiff, an inmate at St. Louis City Justice Center brings this action asserting claims of false arrest and false imprisonment. However, the complaint is defective because, among other things, it was not drafted on the Court's form, *see* E.D. Mo. Local Rule 2.06(A), and plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating his rights. In addition, plaintiff has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. The Court will order plaintiff to amend his complaint within twenty-one (21) days of the date of this Memorandum and Order. He will also be required to either pay the full filing fee of $402 or file a motion to proceed *in forma pauperis* in this action.

**Discussion**

Because plaintiff's complaint is not on a court-provided form, the Court will require plaintiff to amend his pleading. Plaintiff's amended complaint will be due to the Court no later than twenty-one (21) days from the date of this Memorandum and Order. Plaintiff is advised that the amended complaint will replace the original complaint and all supplemental pleadings. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005)

("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

In the "Caption" section of the complaint form, plaintiff should write each defendant's name or names. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should specify whether he is suing each defendant in an official capacity, individual capacity, or both. Plaintiff must avoid naming anyone as a defendant unless that person is directly related to their claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support their claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state each claim in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is also required to either file a motion to proceed *in forma pauperis* within twenty-one (21) days of the date of this Memorandum and Order or pay the full $402 filing fee in this action. If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days or file a motion to proceed *in forma pauperis* or pay the filing fee, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide plaintiff a blank Prisoner Civil Rights Complaint form and Motion to Proceed *in Forma Pauperis* – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the full filing fee of $402 or submit a motion to proceed *in forma pauperis* on the Court-provided form. If plaintiff files a motion to proceed *in forma pauperis*, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

4

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 22nd day of February, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE